IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WENDELL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 C 5545 |
| C.H. JAMES RESTAURANT | ) | |
| HOLDINGS, L.L.C. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' partial motions to dismiss. For the reasons stated below, the motions are granted in part and denied in part.

**BACKGROUND**

Plaintiff Wendell Smith (Smith) allegedly worked as an hourly employee at one or more Burger King Restaurants (Restaurants) owned and operated by Defendant C.H. James Restaurant Holdings, LLC, and Defendant C.H. James & Company (collectively referred to as "Defendant Companies"). Defendant Charles "Chuck" James III (James) is allegedly involved in the day-to-day operation of the Restaurants. Smith contends that the Restaurants have a computerized time-keeping

1

system, which employees use to clock in and out of work. Smith contends that once a day during certain shifts, for approximately twenty to sixty minutes, the time-keeping system would reboot itself. Smith contends that during the system rebooting, he worked "off the clock" and was not compensated for that work. (A Compl. Par. 14). Smith also alleges that he was required to perform other "off the clock" work for which he was not compensated. (A. Compl. Par. 13-14). Smith includes in his amended complaint a claim alleging the denial of overtime wages brought under the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1 *et seq.* (Count I), a claim alleging denial of compensation brought under the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1 *et seq.* (Count II), and a claim alleging the denial of overtime wages brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* (Count III). James now moves to dismiss the claims brought against him in Counts I and III. All Defendants also move to dismiss all claims in Count II.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

I. Count II

Defendants argue that Smith cannot proceed on an IWPCA claim since Smith does not allege facts to suggest the existence of an agreement between the parties. The IWPCA does not establish an independent "substantive right to overtime pay." *DeMarco v. Northwestern Memorial Healthcare*, 2011 WL 3510896, at *6 (N.D. Ill. 2011). The IWPCA requires certain pay "only to the extent the parties' contract or agreement requires such pay." *Id.*; *see also National Metalcrafters, Div. of Keystone*

3

*Consol. Industries v. McNeil*, 784 F.2d 817, 824 (7th Cir. 1986)(stating that "[t]he only thing the [IWPCA] requires is that the employer honor his contract"); *Sanchez v. Haltz Const., Inc.*, 2012 WL 13514, at *5 (N.D. Ill. 2012)(stating that "[u]nder the IWPCA, an agreement is broader than a contract and requires only a manifestation of mutual assent on the part of two or more persons; parties may enter into an agreement without the formalities and accompanying legal protections of a contract")(internal quotations omitted)(quoting in part *Zabinsky v. Gelber Group, Inc.*, 807 N.E.2d 666, 671 (Ill. App. Ct. 2004)); *Hall v. Sterling Park Dist.*, 2011 WL 1748710, at *6 (N.D. Ill. 2011)(stating that "[t]he IWPCA does not establish a right to overtime pay or vacation pay, but rather allows for a cause of action based on compensation wrongfully withheld pursuant to 'an employment contract or agreement'")(quoting 820 ILCS 115/4–5); *Brown v. Lululemon Athletica, Inc.*, 2011 WL 741254, at *3 (N.D. Ill. 2011)(stating that "[i]t is well established that an employee can have no claim under the IWPCA unless the employer and employee agreed that the former would compensate the latter for the particular work allegedly performed").

In the instant action, Smith alleges that he was a non-salaried employee working at Burger King Restaurants. (Compl. Par. 9). Smith does not allege facts that suggest that he had a contract with Defendants regarding his pay. Nor does

Smith allege facts that would suggest even an informal employment agreement with Defendants. To conclude that Smith had some sort of informal agreement with Defendants merely by working for them would render moot the rule that the IWPCA does not provide an independent substantive right to pay absent some agreement. Smith does allege in the amended complaint in a conclusory fashion that Smith and Defendants had an "agreement" that Defendants would pay Smith an hourly wage for time worked off the clock. (A. Compl. Par. 41, 42). However, Smith has not pointed to any contract or an agreement and the terms under such a contract or agreement relating to his IWPCA claim. Smith makes merely a general statement about an agreement between Defendants, him, and "all similarly situated individuals." (A. Compl. Par. 41). Such a conclusory allegation that there was an agreement is not sufficient to suggest that Smith and Defendants had the necessary mutual assent and formed an agreement concerning Smith's pay as it relates to his IWPCA claim. *See, e.g., Brown*, 2011 WL 741254, at *3 (indicating that although there need not be allegations as to all elements for the formation of a contract, there should be factual allegations showing a mutual assent by the parties)(citing *Catania v. Local 4250/5050 of Commc'ns Workers of Am.*, 834 N.E.2d 966, 972 (Ill. App. Ct. 2005)). Therefore, Defendants' motion to dismiss Count II is granted.

## II. Counts I and III

James argues that Smith has failed to plead facts to show that James acted in a supervisory capacity in relation to Smith or to show that James was responsible for any violation of IMWL or FLSA. The IMWL defines an employer as "any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year." 820 ILCS 105/3(c). The FLSA similarly defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . ." 29 U.S.C. § 203(d). James argues that there are not sufficient specific facts in the amended complaint indicating that he was a supervisor of Smith or was involved in any violation of IMWL or FLSA. At the motion to dismiss stage, Smith is not required to provide a detailed list of facts to state a claim or provide additional facts as evidence to support the allegations in the amended complaint. As indicated above, Smith need only allege sufficient facts to make a claim to relief plausible. *Iqbal*, 129 S.Ct. at 1949. Smith alleges in the complaint that James "is involved in the day to day business operation of [the Restaurants] and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on [Defendant Companies'] checking accounts, including payroll accounts, and the authority to make decisions regarding

6

employee compensation and capital expenditures." (A. Compl. Par. 6). Smith also alleges that James "managed [Smith's] work, including the amount of hours worked in" the Restaurants, and "dictated, controlled and verified wages and hours and all related employee compensation policies." (A. Compl. Par. 10). Smith has alleged facts that, when accepted as true, plausibly suggest that James could have been a supervisor of Smith and that James could have been directly or indirectly responsible for the alleged violations of IMWL and FLSA. To the extent that James seeks to challenge the accuracy of such facts, it is premature at this juncture to resolve such disputes. At the summary judgment stage, Smith will have to point to sufficient evidence to support his assertions regarding James.

James argues in response to the instant motion that allegations he handled high-level matters at the Restaurants are not sufficient to establish that he was a supervisor of Smith or responsible for the alleged violations. However, as explained above, Smith did not allege in the amended complaint that James only handled high-level matters at the Restaurants. Smith alleges, for example, that James was involved in the day-to-day operations of the Restaurants and that James had the authority to direct and supervise employees and to hire and fire employees. (A. Compl. Par. 6, 10). Smith also alleges that James controlled and verified wages and hours and controlled compensation policies for employees. (A. Compl. Par. 6, 10). Such

7

allegations, which at the motion to dismiss stage, must be construed in a manner favorable to Smith, *Iqbal*, 129 S.Ct. at 1949, at least suggest that James was not limited to dealing with high-level matters. Such allegations suggest that James was involved in the day to-day operations and supervision of the employees. Therefore, James' motion to dismiss the claims brought against him in Counts I and III is denied.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss Count II is granted, and James' motion to dismiss the claims brought against him in Counts I and III is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 26, 2012