**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **WENDELL SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 11 C 5545** |
| **C.H. JAMES RESTAURANT** | ) | |
| **HOLDINGS, L.L.C. et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Wendell Smith's (Smith) motion for conditional certification of collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* For the reasons stated below, the motion is granted.

## BACKGROUND

Smith allegedly worked as an hourly employee at one or more Burger King Restaurants (Restaurants) owned and operated by Defendant C.H. James Restaurant Holdings, LLC, and Defendant C.H. James & Company. Defendant Charles "Chuck" James III (James) is allegedly involved in the day-to-day operation of the Restaurants. Smith contends that the Restaurants have a computerized time-keeping

1

system, which employees use to clock in and out of work. Smith contends that once a day during certain shifts, for approximately twenty to sixty minutes, the time-keeping system would reboot itself. Smith contends that during the system rebooting, he worked "off the clock" and was not compensated for that work. (A Compl. Par. 14). Smith also alleges that he was required to perform other "off the clock" work for which he was not compensated. (A. Compl. Par. 13-14). Smith includes in his amended complaint a claim alleging the denial of overtime wages brought under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (Count I), a claim alleging denial of compensation brought under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* (Count II), and a claim alleging the denial of overtime wages brought under the FLSA (Count III). On January 26, 2012, the court granted Defendants' motion to dismiss Count II and denied James' motion to dismiss the claims brought against him in Counts I and III. Smith now moves for conditional certification of collective action under the FLSA.

**DISCUSSION**

The FLSA specifies that employees have "the right to bring their FLSA claims through a 'collective action' on behalf of themselves and other 'similarly situated' employees." *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010)(quoting

2

in part 29 U.S.C. § 216(b)).  A collective action brought under the FLSA "is similar to, but distinct from, the typical class action brought pursuant to" Federal Rule of Civil Procedure 23 (Rule 23).  *Id.*  The main difference between a FLSA collective action and a Rule 23 class action "is that plaintiffs who wish to be included in a collective action must affirmatively opt-in to the suit by filing a written consent with the court, while the typical class action includes all potential plaintiffs that meet the class definition and do not opt-out."  *Id.*

The FLSA does not specify the process by which a court should determine whether plaintiffs can pursue FLSA claims as a collective action, and district courts have discretion in determining the appropriate process.  *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989)(holding that "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs"); *Alvarez*, 605 F.3d at 449 (stating that "[a] district court has wide discretion to manage collective actions").  As to the process for determining whether a FLSA lawsuit should proceed as a collective action, the majority of district courts in this district have followed a two-step process.  *Jirak v. Abbott Laboratories, Inc.*, 566 F. Supp.2d 845, 847-48 (N.D. Ill. 2008).  The court also notes that the Seventh Circuit has recognized that district courts employ the two-step process and has not indicated that the process was improper.  *See, e.g., Ervin v.*

*OS Restaurant Services, Inc.*, 632 F.3d 971, 974 (7th Cir. 2011)(explaining that "[t]he conditional approval process is a mechanism used by district courts to establish whether potential plaintiffs in the FLSA collective action should be sent a notice of their eligibility to participate and given the opportunity to opt in to the collective action").

At the initial step of the certification process, the plaintiffs are required "only . . . to make a minimal showing that others in the potential class are similarly situated." *Jirak*, 566 F. Supp.2d at 847. If the plaintiff meets that "minimal showing, the class is conditionally certified and notice is sent to potential class members, giving them an opportunity to opt in." *Id.*; *see also Wynn v. Express, LLC*, 2012 WL 386716, at *1 (N.D. Ill. 2012)(stating that at the initial step, "the plaintiffs must make 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law'")(quoting *Flores v. Lifeway Foods, Inc.*, 289 F.Supp.2d 1042, 1045 (N.D. Ill. 2003)); *Perez v. Comcast*, 2011 WL 5979769, at *1 (N.D. Ill. 2011)(stating that "[f]irst, the court considers whether to conditionally certify a class" and that "[t]o obtain this relief, a plaintiff must make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law")(internal quotations omitted)(quoting *Hundt v.*

4

*DirectSat USA, LLC*, 2010 WL 2079585, at *2 (N.D. Ill. 2010)).

At the second step of the process, "which occurs after the parties have engaged in discovery and the opt-in process is completed, the court's inquiry is more stringent" and "the Court must reevaluate the conditional certification to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Jirak*, 566 F. Supp.2d at 847. At the second step, the court must also determine: "(1) whether the plaintiffs share similar or disparate employment settings; (2) whether affirmative defenses raised by the defendant would have to be individually applied to each plaintiff; and (3) any fairness and procedural concerns." *Id.* In the instant action, Defendants argue that Smith has a conflict with the proposed class members and that Smith has failed to show that he is similarly situated to the class he seeks to represent.

I. Conflict with Proposed Class Members

Defendants argue that the record shows that Smith has an inherent conflict with the members of the proposed class. Defendants contend that the class that Smith seeks to certify includes employees that were instructed by management to work off-the-clock. Defendants argue that Smith was a "Shift Manager," supervising and directing the work of employees and thus was at least, in part, responsible for

5

any employees that worked off-the-clock. Defendants contend that Smith, as part of management, has a conflict of interest with the rest of the proposed class, since he allegedly caused the FLSA violations.

Smith has provided an affidavit indicating that he never received any notice that he had been promoted to a "Shift Manager," and that he never received any salary raise indicating a promotion to such a management position. (Smith Supp. Aff. Par. 2-3). Smith also states that he never received the mandatory management class required to become a member of management. (Smith Supp. Aff. Par. 2). Smith's personnel file refers to him as a "Team Member" and "Kitchen Person," but does not indicate that he was promoted to management except for one notation on Smith's discharge notice, referring to Smith as a "Shift Manager." (Schiff Ex. B); (Reply Ex. 2). The personnel file also contains various work schedules for the non-management employees at the restaurant, and there is no indication on such work schedules that Smith was being scheduled to work those hours as a member of management.

Defendants have provided with their opposition to the instant motion an affidavit from Mary Schiff (Schiff), a District Manager, stating that Smith "was eventually promoted and assumed the position of Shift Manager. . . ." (Schiff Aff. Par. 6). However, Schiff fails to indicate when Smith was "eventually promoted."

6

(Schiff Aff. Par. 6). The documentary evidence presented thus far indicates that Smith was promoted on the same day that his employment was terminated. Nor has Schiff or Defendants provided any documentation of the promotion, explained why such documentation could not be located, or produced any evidence that indicates that Smith instructed other employees to work off-the-clock or had any responsibility relating to the time-keeping system or the rebooting of the computers at the Restaurants. Defendants have failed to provide sufficient evidence at this juncture to show that Smith was a member of management. The few self-serving documents, such as the discharge paper on the day of Smith's termination and the general statement by Schiff are not sufficient to indicate that Smith was responsible for the alleged violations of the FLSA or that Smith has any inherent conflict with the class. Defendants have not presented sufficient evidence to call into doubt the statements made by Smith indicating that he was not a member of management. If after discovery in this case Defendants can offer further evidence that Smith was truly part of management, directing and supervising other employees, Defendants may renew their argument at that juncture.

## II. Similarly Situated With Other Proposed Class Members

Defendants argue that Smith has failed to show that he is similarly situated

with other members of the proposed class.  Defendants, in part, rely upon their

contention that Smith was a "Shift Manager," which, as indicated above, has not

been sufficiently established at this juncture.  Defendants also argue that Smith has

not produced sufficient evidence concerning "the thousand or so other" current and

former employees that could potentially opt into the class.  (Ans. 9).  However,

Smith is not required at this initial stage to produce the evidence sought by

Defendants for a conditional certification.  *Jirak*, 566 F. Supp.2d at 847.  Defendants

themselves acknowledge that Smith has not yet even been provided with addresses

and names of potential class members, which would be necessary for Smith to gather

all of the detailed information sought by Defendants regarding such class members.

(Ans. 15 n.10).  Defendants also contend that they need information from Smith

regarding the specific details of all alleged FLSA violations, but such information

can be provided during discovery.

Defendants also argue that this case is not suitable for a collective action.

Defendants argue, for example, that even if the management at the Restaurants did

happen to follow the same practice of forcing employees to work off-the clock while

the computers were rebooting, that was merely the result of the various managers

exercising their individual discretion at each store.  Defendants argue that the review

of the discretionary acts of managers at each store would mean that there would be

8

individualized facts for class members at each Restaurant.  (Ans. 13-14).  However,

Defendants' arguments relating to typicality and commonality of claims are

premature at this initial stage of the proceedings, which addresses the authorization

of sending out a notice to potential class members and class discovery.

 Defendants also argue that they have presented evidence from employees at

the Restaurants indicating that they were not forced to do work off-the-clock.

Defendants further point to their employee handbook, which expressly forbids

employees from doing work off-the-clock.  However, the mere fact that some

employees may not have been required to work off-the-clock does not mean that

there were not other employees that were required to do so.  Also, Defendants'

written policy would be immaterial if the de facto policy was contrary to the written

policy.  *See Blakes v. Illinois Bell Telephone Co.*, 2011 WL 2446598, at *5 (N.D. Ill.

2011)(stating that "an unwritten de facto policy that discourages employees from

seeking compensation for work performed outside their shift and that forces them to

perform uncompensated work off-the-clock" violates the FLSA, and that "[c]ourts in

this district 'regularly allow' plaintiffs to pursue collective actions under the FLSA in

these circumstances . . . because regardless of what a company's official policy says,

some evidence that a separate policy is enforced by more than a rogue manager or

two supports a conclusion that similarly situated employees were subject to a

common practice violating the FLSA").  Defendants also present various declarations from management stating that, contrary to Smith's claims, they never allowed employees to work off-the-clock and never engaged in conduct that violated the FLSA.  However, to the extent that Defendants, in response to the instant motion, contest the facts put forth by Smith and seek to have the court evaluate the merits of his claims and/or the credibility of certain evidence, such an analysis is not appropriate at this juncture in the proceedings.

If, as Defendants believe, Smith is not presenting accurate facts in this case and there are not similarly situated employees who were required to work off-the-clock, then there will not be other employees joining the collective action and Defendants will not be prejudiced by the mailing of a class notice.  Smith has provided sufficient details concerning the alleged practice that violated the FLSA.  Smith has also provided evidence, such as declarations by various former employees of Defendants who worked at different restaurants, indicating that they were subjected to the same common practice alleged in this case of being forced to work off-the-clock during the computer time-keeping system rebooting.  *See, e.g.,* (Reply Ex. 3-8).  Smith has met his initial burden to show that there are similarly-situated other employees who were subjected to a common policy or practice.  Therefore, the motion for conditional certification of collective action is granted.

## II.  Proposed Notice

Smith has presented a proposed notice to prospective class members and Defendants have objected to the notice.  Defendants argue that the notice should only be sent to "Shift Managers."  However, that objection is premised on Defendants' argument that Smith was a "Shift Manager," which, as explained above, has not been substantiated by Defendants at this stage of the proceedings. Defendants also argue that the notice should inform prospective class members that if they join this action, they will be required to participate in discovery and could be liable for fees and costs if the claims are unsuccessful.  Smith argues that prospective class members can be informed of such obligations by Smith's counsel when they contact counsel in accordance with the proposed notice.  Smith has not contested that the prospective class members will incur such obligations if they decide to join this action.  Smith has not shown that it would be improper to inform the prospective class members of such obligations in a uniform manner in writing, rather than having such information orally relayed in an informal manner on a case-by-case basis by Smith's counsel. Therefore, the notice should be amended to provide such information concerning the obligations of the prospective class members.

Defendants also argue that the notice should state that the consent forms

should be sent to the Clerk of Court, as opposed to Smith's counsel. However, it is a common practice to have such notices sent to the representative plaintiff's counsel and then have them electronically filed with the Clerk of Court. Such a procedure has been approved by other courts in this district, and Defendants have not provided justification to order a special procedure in this case. *See, e.g., Nehmelman v. Penn Nat. Gaming, Inc.*, 2011 WL 4538698, at *20 (N.D. Ill. 2011)(stating that "[i]n the Court's view, the better practice . . . is to have putative class members send their consent forms to Plaintiff's counsel, and not to the Clerk's office"). Finally, Defendants request 30 days instead of the 7 days proposed by Smith to provide Smith with the class list. Defendants will be given 30 days to provide the class list to Smith.

The parties are directed to meet and confer and formulate an agreed proposed notice, consistent with this opinion, and to submit the proposed notice to the court by April 11, 2012. The agreed notice should also make clear to potential class members that there has not yet been a final class certification in this matter and that, at step two of the collective action certification process, Smith may or may not meet the burden to show that a final certification is warranted in this action. If the parties cannot agree to a proposed notice, Smith is directed to file his proposed notice by April 11, 2012, and Defendants are given until April 18, 2012 to file a memorandum

explaining their objections to the proposed notice.

### III.  Motion to Strike and Motion for Sur-reply

Defendants have also moved to strike certain declarations filed by Smith in support of the motion for conditional certification of collective action**.**  Defendants argue that the statements included in the declarations will ultimately not be admissible at trial under the Federal Rules of Evidence.  However, Smith is not required to meet evidentiary burdens at this initial stage of the proceedings, and Defendants' objection is thus premature.  Also, even if the declarations were stricken, Smith has offered sufficient evidence showing that the motion for conditional certification of collective action should be granted.  Finally, motions to strike are disfavored since they generally serve no purpose other than to needlessly delay proceedings.  *See Redwood v. Dobson*, 476 F.3d 462, 471 (7th Cir. 2007)(stating that "[m]otions to strike disserve the interest of judicial economy").  Therefore, the motion to strike is stricken.

Defendants have also filed a motion for leave to file a sur-reply.  Defendants indicate that they wish to present additional facts regarding matters, such as whether Smith was a Shift Manager and whether the time-keeping systems were the same at the Restaurants.  However, Defendants should have presented such information with

their opposition brief. Defendants have not provided sufficient justification for allowing them to file a sur-reply. In addition, Defendants have indicated what they seek to argue in the sur-reply and such arguments would not be sufficient to warrant denying the motion for conditional certification of collective action. Therefore, the motion for leave to file a sur-reply is denied.

## CONCLUSION

Based on the foregoing analysis, Smith's motion for conditional certification of collective action is granted, the motion to strike is stricken, and the motion for leave to file a sur-reply is denied.


Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 5, 2012